IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TOMASA ORELLANA

    v.                :   Civil Action No. DKC 19-2318

ACL CLEANING, LLC, d/b/a ACL
Building Services, LLC, et al.  :

**MEMORANDUM OPINION**

Presently pending in this employment action are Plaintiff's motion for leave to file an amended complaint (ECF No. 17), Plaintiff's motion for summary judgment (ECF No. 18), a motion to strike the appearance of counsel for Defendant ACL Cleaning LLC (ECF No. 22), and a motion requesting the court schedule a telephonic status conference (ECF No. 25).  The issues have been briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6.  For the following reasons, Plaintiff's motion for leave to amend will be granted and the other pending motions will be denied without prejudice.

**I.   Background**

Plaintiff initiated this action on August 12, 2019. (ECF No. 1).  She alleges that she was employed by Defendants as a janitor from February 4, 2019, until approximately March 22, 2019, when she resigned because the paychecks given to her were returned from the bank without payment due to insufficient funds.  She named

three defendants:  ACL Cleaning LLC, Alex Castro, and Edwin S. Aguilar Lemus.  Plaintiff voluntarily dismissed Defendant Alex Castro on February 11, 2020.  (ECF No. 7).

Defendants ACL Cleaning LLC and Edwin Aguilar Lemus, through their attorney Richard K. Scott, filed a joint Answer to Plaintiff's complaint on March 12, 2020.  (ECF No. 13).  The same date the court issued a scheduling order.  (ECF No. 15).  Plaintiff filed the pending motion for leave to amend on September 23, 2020.  (ECF No. 17).  Plaintiff's unopposed motion for leave to amend seeks to add a new Defendant, ACL General Contractor, Inc., alleging that it is a successor to ACL Cleaning, LLC.  Additionally, Alex Castro is named again as a Defendant in Plaintiff's proposed amended complaint.  (ECF No. 17).  The same date, Plaintiff filed the pending motion for summary judgment against ACL Cleaning and Edwin Aguilar Lemus.  (ECF No. 18).

On October 20, 2020, Mr. Scott filed a motion to strike his appearance.  (ECF No. 19).  Because notice pursuant to Local Rule 101.2 was mailed to Defendant Aguilar Lemus only, the court granted the motion on his behalf, and Mr. Scott's appearance for Mr. Aguilar Lemus was stricken.  (ECF No. 21).[1]

---

[1] Mr. Aguilar Lemus' copy of the letter/order dated October 23, 2020, granting the motion to withdraw Mr. Scott's appearance,

Mr. Scott filed a second motion to strike appearance on November 12, 2020. (ECF No. 22). The same date, the court issued the following paperless notice:

> "PAPERLESS NOTICE re: 22 Motion to Withdraw. In accordance with Local Rule 101.2.b, a motion to withdraw as counsel for a corporation must contain a certificate stating (a) the name and last known address of the client, and (b) that written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it. Counsel is requested to supplement 22 motion to withdraw with a certificate that complies with Local Rule 101.2.b."

ECF No. 23.

## II.   Analysis

### A.   Motion for Leave to Amend

Fed.R.Civ.P. 15(a)(2) provides that: "The court should freely give leave when justice so requires."

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

advising him that, although he was entitled to respond, his responses to Plaintiff's motions for leave to amend and for summary judgment were overdue was returned to the court as "undeliverable as addressed" and "unable to forward" on November 16, 2020. (ECF No. 24).

3

> amendments     previously     allowed,     undue
> prejudice to the opposing party by virtue of
> allowance   of   the   amendment,   futility   of
> amendment, etc.—the leave sought should, as
> the rules require, be "freely given."

*Forman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's motion for leave to amend will be granted, and her motion for summary judgment will be denied without prejudice; her arguments supporting the entry of summary judgment as to two defendants are best resolved after all parties have been served and the entire case is at issue.  Plaintiff is reminded that Fed.R.Civ.P. 5(a)(2) requires a pleading stating new claims to be served under Fed.R.Civ.P. 4.

**B.   Motion to Strike Appearance**

Despite a directive to counsel to bring his most recent motion to strike in compliance with the local rules, no supplement has been filed.  Defense counsel's second motion to strike appearance will be denied without prejudice for failure to supplement.

**C.   Motion to Convene a Status Conference**

Plaintiff filed a motion requesting a status conference on December 28, 2020.  (ECF No. 25).  Because the granting of Plaintiff's motion for leave to amend requires service of a pleading stating new claims under Fed.R.Civ.P. 5(a)(1)(B), the court will deny this motion without prejudice.  Counsel may re-

4

file when all parties are served and the status of counsel is clarified.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to amend (ECF No. 17) will be granted, Plaintiff's motions for summary judgment and for a status conference (ECF Nos. 18 and 25) will be denied, and Mr. Scott's motion to withdraw (ECF No. 22) will be denied.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
