IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TOMASA ORELLANA             :

                          :

    v.                         :   Civil Action No. DKC 19-2318

                          :

ACL CLEANING, LLC d/b/a ACL
Building Services, LLC, et al.

                          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this wage and hour case is a motion for attorney's fees filed by Plaintiff Tomasa Orellana.  (ECF No. 61).  The issues have been briefed, and the court now rules, no hearing being necessary.  Local Rule 105.6. For the following reasons, the motion for attorney's fees will be granted.

**I.   Background**

The relevant background in this case is set out in a prior opinion.  (ECF No. 57, at 1-4).  In January, the court granted summary judgment against Defendant Edwin Aguilar Lemus on Ms. Orellana's Fair Labor Standard Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and Maryland Wage Payment and Collection Law ("MWPCL") claims against him.  (ECF No. 58).  It also entered judgment by default against Defendants ACL Cleaning, LLC, doing business as ACL Building Services, LLC, ("ACL I"), and ACL General Contractors, Inc. ("ACL II") on the parallel claims against them.

(*Id.*).  The court awarded Ms. Orellana treble damages because there was no dispute about her wages, she offered evidence of consequential damages, and Defendants had not paid her *any* wages. (ECF Nos. 57, at 11; 58, at 2).  In February, Ms. Orellana moved unopposed for attorney's fees and costs.  (ECF No. 61).  She requests $31,721.50 in attorney's fees and $1,494.17 in costs. (*Id.*).

## II. Analysis

In any action under the FLSA, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  The payment of attorney's fees and costs to employees who prevail on FLSA claims is mandatory.  "The amount of the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984).  The MWHL also allows for the recovery of attorney's fees and costs. *See* Md. Code Ann., Lab. & Empl. § 3-427.[1]

"The proper calculation of an attorney's fee award involves a three-step process.  First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *McAfee v. Boczar*, 738 F.3d

---

[1] Plaintiff does not address attorney's fees under the MWPCL.

81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs.,
LLC*, 560 F.3d 235, 243 (4th Cir. 2009)).   In assessing
reasonableness, the Fourth Circuit has instructed district courts
to consider what are known as the *Johnson* factors, which are:
(1) the time and labor expended; (2) the novelty and difficulty of
the questions raised; (3) the skill required properly to perform
the legal services rendered; (4) the attorney's opportunity costs
in pressing the instant litigation; (5) the customary fee for like
work; (6) the attorney's expectations at the outset of the
litigation; (7) the time limitations imposed by the client or
circumstances; (8) the amount in controversy and the results
obtained; (9) the experience, reputation and ability of the
attorney; (10) the undesirability of the case within the legal
community in which the suit arose; (11) the nature and length of
the professional relationship between attorney and client; and
(12) attorney's fees awards in similar cases.   *Id.*, at 88 n.5
(citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir.
1978)).   "Next, the court must 'subtract fees for hours spent on
unsuccessful claims unrelated to successful ones.'   Finally, the
court should award 'some percentage of the remaining amount,
depending on the degree of success enjoyed by the plaintiff.'"
*Id.* (quoting *Robinson*, 560 F.3d at 244).   The Fourth Circuit has
noted that a district court's determination of attorney's fees
should stand unless the district court abused its discretion by

reaching a decision that is "'clearly wrong' or committing an 'error of law.'" *Id.*, at 88 (quoting *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

**A.   Lodestar Calculation**

**1.   Hourly Rate**

"[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate." *Robinson*, 560 F.3d at 244 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award," including, for example, "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Id.*, at 244-45 (internal quotation marks omitted). The Local Rules provide non-binding guidelines regarding reasonable hourly rates that vary depending on how long an attorney has been admitted to the bar. Local Rules, App'x B. Those guidelines are as follows: $150-225 for lawyers admitted to the bar less than five years; $165-300 for lawyers admitted for five to eight years; $225-350 for lawyers admitted for nine to fourteen years; $275-425 for lawyers admitted for fifteen to nineteen years; and $300-$475 for lawyers admitted for twenty years or more. The rate for paralegals and law clerks is $95-150.

Ms. Orellana requests the following rates for attorneys who worked on this case, all of which are higher than the guideline rates in the District of Maryland:

- Omar Vincent Melehy (20+ years admitted to the bar during the course of this litigation): $625

- Suvita Melehy (20+ years): $575

- Andrew Balashov (4 years at outset; 7 years now): $350

- Paralegals and paraprofessionals: $180

To justify these higher rates, Plaintiff points to recent cases in which other courts in this District have departed from the guidelines, including for Plaintiff's counsel. *E.g., De Simone v. VSL Pharmaceuticals, Inc.*, 15-cv-1356-TDC, 2018 WL 6680922, at *4 (D.Md. 2018). Plaintiff also submits declarations from Mr. Melehy, her lead counsel, and Charles B. Day, a local Maryland attorney, to support the reasonableness of the requested rates. (ECF Nos. 64-1; 61-4). She lastly notes that the guideline rates have not been updated since 2014.

The lodestar factors support an upward adjustment from the guideline rates for Mr. Melehy, Ms. Melehy, and the paralegals. Plaintiff has satisfied her burden to demonstrate that the rates are consistent with prevailing market rates, not least because the guideline rates for these positions have not been updated in eight years. Equally Mr. and Ms. Melehy are highly experienced and credentialed attorneys. However, the requested rates for Mr. and

Ms. Melehy will be reduced to $600 and $550, respectively, to account for the lower rates that would have prevailed at the outset of this litigation.

In addition, the rate requested for Mr. Balashov is too high. It does not reflect the fact that he had only four years' experience when this case began. Plaintiff has not demonstrated why Mr. Balashov should receive above the maximum guideline rate, and more than half the rate for attorney's with more than twice his experience, for the entire period. The court calculates the lodestar using a $300 rate for Mr. Balashov for the entire period. This is the maximum guideline rate for an attorney with 5-to-9 years' experience. Using this rate for the entire period accounts both for the increased community rates above those in the guidelines and Mr. Balashov's more limited experience at the outset of the case.

### 2.   Hours Worked

Ms. Orellana provides billing records that list the date of the work, who performed the work, a brief description of the work, the litigation phase for which the work was performed, and the time spent. (ECF No. 61-2). Mr. Melehy attests that he exercised billing judgment by eliminating 15.1 hours for duplicative or erroneous work. (ECF No. 64-1, ¶ 26). In the end, Ms. Orellana seeks recovery for 89.8 hours of work. (ECF Nos. 61-1, at 2; 61-2, at 9). This encompasses 29.7 hours for case development and

management, 7.2 hours for drafting and filing pleadings, 1.8 hours for discovery, 19.8 hours for motions practice, 13.4 hours for settlement negotiations, and 17.9 hours for drafting and filing the motion for attorney's fees and costs.  (ECF Nos. 61-1, at 7-11; 61-2, at 5-6, 8).

A close review of the billing records reveals that the number of hours requested is excessive.  First, it includes time that is not recoverable as attorney's fees.  Mr. Balashov recorded time spent on certain unspecified quarterly reports that appear administrative in nature.  "[F]ees for administrative work are generally not recoverable." *Pfieffer v. Schmidt Baking Co., Inc.*, No. CCB-11-3307, 2014 WL 1291814, at *4 (D.Md. Mar. 28, 2014) (citing *Kabore v. Anchor Staffing, Inc.*, No. L-10-3204, 2012 WL 5077636, at *4 (D.Md. Oct. 17, 2012)).  In addition, Ms. Aguilar's "role as interpreter of Plaintiff['s] Spanish . . . should not be accorded attorney's fees[.]"  *Saavedra v. Richards*, No. 10-cv-0856, 2012 WL 13128570, at *7 (S.D.Tex. Mar. 22, 2012).

In addition, excessive time was devoted to certain work.  Most alarmingly, Mr. Balashov billed thirteen (13) hours to drafting this attorney's fee motion.  It is inappropriate for nearly fifteen percent (15%) of the hours requested for the entire case to have been devoted to one attorney's work on the fee request.  The court will strike all but five (5) hours from the time Mr. Balashov billed to the attorney's fee request.  The amount of case

development and management is also out of proportion, at thirty-three percent (33%) of the total requested hours.  After making the above changes, the total billed case development and management hours attributable to Mr. Balashov was 16.5.  The court will strike all but ten (10) of those hours.

Even after accounting for those changes, the total requested hours is 70.4.  At first blush, that seems like too many.  Most pertinent in the *Johnson* factors, this was a simple case with a small amount in controversy, which Plaintiff's counsel knew at the outset.  *See Morris v. AAA Moving & Storage, LLC*, No. 15-cv-0068, 2015 WL 5089129, at *2 (W.D.N.C. Aug. 27, 2015).  No novel questions of law were presented or specialized expertise required.

However, this action stretched over more than two years due to Defendants' dilatory conduct.  As Plaintiff helpfully recounts:

> Defendants initially entered an appearance in the case, but after negotiations between the Parties failed to produce an early settlement, their counsel moved to withdraw in October 2020, and thereafter simply ignored these proceedings.  They failed to secure substitute counsel, ask for additional time to do so, or proceed *pro se*, and they failed to respond to Plaintiff's two dispositive motions.  When . . . Defendants [] changed the name of their business to avoid liability for a potential judgment in this case, [Plaintiff] [had to] move[] to join[] the new business as a successor.

The court will not penalize Plaintiff's counsel for inefficiencies caused by Defendants' conduct.  Moreover, courts have awarded even

larger attorney's fee amounts in cases where the plaintiff recovered just as little. *See Jahn v. Tiffin Holdings, Inc.*, No. 18-cv-1782-SAG, 2020 WL 4436375, at 7 (D.Md. Aug. 3, 2020) (awarding, after accounting for deductions from the lodestar, $41,371.38 where the plaintiff recovered only $2,405 in damages).

After a careful review of Plaintiff's request, the court struck the hours listed above and was left with the following lodestar calculation:

- Omar Vincent Melehy: 3.8 hours (x) $600 = $2,280.00
- Suvita Melehy: 10.1 hours (x) $575 = $5,555.00
- Andrew Balashov: 42.4 hours (x) $300 = $12,720.00
- Paraprofessionals: 14.1 hours (x) $180 = $2,538.00

Accordingly, the total lodestar figure is $23,093.00.

**B.   Adjustments to the Lodestar**

Ms. Orellana prevailed on all her claims. She obtained judgment on each for all her unpaid wages and the maximum liquidated damages available. There are no hours spent on unsuccessful claims to subtract. In addition, it would not be appropriate to reduce the Lodestar amount by a percentage for the extent of Mr. Orellana's success on her prevailing claims because, again, she obtained all the remedies she sought. *See McAfee*, 738 F.3d at 92-93 (holding that any percentage reduction looks to "the extent of the relief obtained[ by comparing] the amount of damages

sought to the amount awarded" (citation omitted)).  Therefore, Ms.

Orellana will be awarded $23,093.00 in attorney's fees.

      **C.**   **Costs**

> [T]he Fourth Circuit has held that district courts have discretion to determine the costs that will be assessed against losing defendants in FLSA cases. *Roy v. Cnty. of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998) . . . .  [C]osts charged to losing defendants may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988).  Types of costs charged to losing defendants include "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2010 WL 3385362, at *7 (D.Md. Aug. 25, 2010).

*Andrade*, 852 F.Supp.2d at 644.  In addition, the Local Rules

provide that "[m]ileage is compensable at the rate of reimbursement

for official government travel in effect at the time the expense

was incurred."  Local Rule, App'x B.

     Ms. Orellana seeks to recover $1,494.17 in litigations costs.

In support of her request, Ms. Orellana provides Mr. Melehy's

affidavit and an itemized spreadsheet detailing the dates each

expense was incurred, a description of the expense, and the amount.

(ECF Nos. 61-3; 61-7).  Ms. Orellana also attaches supporting

documentation for each expense.  (ECF No. 61-7).  Ms. Orellana

seeks reimbursement for the following: (1) a $400 filing fee, (2) a

$240 process server fee, (3) $1.80 in PACER fees, (4) $180.60 in photocopying costs, (5) $99.69 in postage, (6) $216 for interpreter services, (7) $48.80 for mileage and parking, and (8) $307.28 in Westlaw research and printing charges.  The requested costs are clear and reasonable and fall within the types of costs commonly awarded to prevailing plaintiffs.  They will be rewarded in their entirety.

## III. Conclusion

For the foregoing reasons, Ms. Orellana's motion for attorney's fees and costs will be granted in part and denied in part.  A separate order will follow.

                                            /S/
                              DEBORAH K. CHASANOW
                              United States District Judge